461 P.2d 230

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Leon AUSTIN, Defendant-Appellant.**

**No. 359.**

Court of Appeals of New Mexico.

Sept. 19, 1969.

Rehearing Denied Oct. 28, 1969.

Warren F. Reynolds, Easley & Reynolds, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Oliver H. Miles, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals his conviction of the unlawful taking of a vehicle, § 64–9–4(a), N.M.S.A. (Repl.Vol. pt. 2). That statute provides:

"*UNLAWFUL TAKING OF A VEHICLE.*—(a) Any person who shall take any vehicle intentionally and without consent of the owner thereof shall be guilty of a felony. The consent of the owner of the vehicle to its taking shall not in case be presumed or implied because of such owner's consent on a previous occasion to the taking of such vehicle by the same or a different person."

Defendant attacks the constitutionality of the statute on the ground that:

"THE STATUTE UNDER WHICH THE DEFENDANT WAS CHARGED AND CONVICTED IS UNCONSTITUTIONAL BECAUSE IT DOES NOT REQUIRE THE FINDING OF ANY CRIMINAL INTENT AND INNOCENTLY CONVERTED ANOTHERS [sic] AUTOMOBILE."

We affirm for the reasons hereinafter stated.

Although this is raised for the first time on appeal, the question raised is jurisdictional and will be considered on review. Section 21–2–1(20) (1), N.M.S.A.1953. State v. Barreras, 64 N.M. 300, 328 P.2d 74 (1958); State v. Sena, 54 N.M. 213, 219 P.2d 287, 289 (1950). See Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968).

As stated in State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527 (1921):

" * * * [W]here the alleged unconstitutional character of a statute concerns a matter of evidence, rather than the of-

fense itself, the constitutional question cannot be raised for the first time on appeal. But in this case a different proposition is involved. Here the question of the constitutionality of the act involved determines whether a crime has been committed. If the law is void, no crime has been committed and none can be committed under it, and the court has no jurisdiction over the person of the defendant or the subject-matter of the cause. It is a proceeding to punish a man where there is no law authorizing the same. In such a case it would seem that the question is jurisdictional and may be raised for the first time on appeal, and we so hold."

Defendant contends the statute is vague and uncertain in its meaning. Defendant bases this contention on the fact that other statutes relating to conversion of personal property utilize the words, "stealing," "theft,". "fraudulent conduct, practices or representations" and "fraudulent intent." Defendant contends that since the Legislature uses the word "steal" in § 64–9–4(b), N.M.S.A.1953 (Repl.Vol. 9 pt. 2), when referring to the taking of an automobile part and used the word "intentional" in the taking of an automobile, then the Legislature intended to eliminate the "element of unlawful taking required to constitute larceny of an automobile under our prior larceny statute, Laws 1921, ch. 123, § 1."

Thus, defendant raises contentions concerning criminal intent and the intent to commit larceny.

As stated in State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962):

"'Generally speaking, when an act is prohibited, and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, although the terms of the statute do not require it. State v. Blacklock, 23 N.M. 251, 167 P. 714; Smith v. State, 223 Ala. 346, 136 So. 270; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 103 A.L.R. 1301; Youngs Rubber Corp. v. C. I. Lee & Co., 2 Cir., 45 F.2d 103. But the legislature may forbid the doing of an act and make its commission criminal, without regard to the intent with which such act is done; but in such case it must clearly appear from the Act (from its language or clear inference) that such was the legislative intent. Masters v. United States, 42 App.D.C. 350, Ann.Cas.1916A, 1243.'"

Is "criminal intent" required? It is a matter of construction. Even after comparing § 64–9–4(a), supra, with other statutes concerning conversion of personal property, it does not "clearly appear" that the Legislature intended to eliminate criminal intent. Criminal intent is an element of the crime established by § 64–9–4(a), supra. State v. Craig, supra; State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941); State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App.1969). Defendant's apprehension that a person who by mistake, or in the honest belief that the car was owned by him, took a vehicle without the consent of the owner might be punished, even though innocent, is unwarranted. Criminal intent is required.

What is criminal intent? It is more than "intentional" taking. It is a mental state. Compare State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct.App.1969). This mental state is a conscious wrongdoing. Concerning this conscious wrongdoing, Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) states:

"* * * courts of various jurisdictions, and for the purposes of different offenses, have devised working formulae, if not scientific ones, for the instruction of juries around such terms as 'felonious intent,' 'criminal intent,' 'malice aforethought,' 'guilty knowledge,' 'fraudulent intent,' 'wilfulness,' 'scienter,' to denote guilty knowledge, * * *."

Compare State v. Craig, supra.

The trial court instructed the jury that the material allegations of the charge included the taking of the vehicle knowingly and feloniously. It defined "knowingly" to

mean with knowledge of the nature of the act done and "feloniously" to mean wrongfully and against the law. Defendant has been found guilty of conscious wrongdoing in taking the vehicle.

 Larceny includes the concept of criminal intent. See Morissette v. United States, supra. In addition, it includes an intention to permanently deprive the owner of possession of his property. Such intention, to permanently deprive the owner of possession, is not an essential element of a statute prohibiting the intentional taking of a vehicle without the consent of the owner. Bass v. State, 29 Wis.2d 201, 138 N.W.2d 154 (1965); Singleton v. Commonwealth, 164 Ky. 243, 175 S.W. 372 (Ct.App. 1915).

Section 64–9–4(b), supra, is not unconstitutionally vague or uncertain.

We have considered defendant's other arguments and authorities and find nothing in them to compel us to conclude differently.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.