500 P.2d 418

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Joe BELL, Defendant-Appellant.**
**No. 880.**

Court of Appeals of New Mexico.
July 28, 1972.

Oliver H. Miles, Regan & Miles, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Bell was convicted and sentenced on two counts of assault upon two police officers with intent to commit a violent felony, to wit: murder or mayhem, contrary to § 40A-3-3, N.M.S.A.1953 (Repl.Vol. 6). Bell appeals.

We affirm.

About 20 minutes after midnight of August 19, 1971, a police officer saw a car being driven by Bell weaving down the street. The police officer sought to stop Bell to see what the problem was. A chase began with other police officers participating. On Highway 70, detective Wells with officer Axtell as a passenger, driving on the left hand side of the eastbound road, pulled up and got even with Bell, both driving at 110 mph. The emergency lights and siren of the police car were activated. Axtell shined a flashlight on himself as Bell looked over so Bell would know they were police officers. Axtell motioned Bell to pull over. Bell took both hands off the steering wheel and motioned Axtell away. Axtell pulled his service revolver with his right hand and motioned Bell to pull over again. Bell crossed over the center line to the left, bounced against the police car twice, and then made a sharp turn to the left, hitting the police car forcing it off the highway and causing it to slide sideways in the median 250 to 300 feet. The police driver regained control of the car and continued the chase. Subsequently, Bell stopped the car, got out, ran and hid. He was found by the police and arrested.

Bell's only claim of error is that there is no substantial evidence to support the jury's verdict which was that Bell was guilty of assault with intent to commit a violent felony, to wit: murder or mayhem.

To support this claim of error, Bell contends that since the trial court in its instructions failed to define the word "murder," the state's case rests on whether it proved beyond a reasonable doubt that Bell assaulted the police officers with intent to commit a felony, to wit: mayhem. The trial court had defined the word "mayhem" in its instructions. Bell did not tender instructions on the definition of the word "murder" or object to the failure of the trial court to define the word.

The trial court instructed the jury in the language of the statute. This is sufficient. State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969). If Bell desired any amplification or definition of words, he should have presented a request therefor. Tarvestad v. United States, 418 F.2d 1043 (8th Cir. 1969).

Under § 21-1-1(51) (2) (h), N.M.S.A. 1953 (Repl. Vol. 4), on failure of the trial court to instruct on any issue, a correct

written instruction must be tendered before the jury is instructed to preserve the error. This claimed error is not subject to review. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967).

Bell cites no authority to support such a contention, and we know of none. The trial court instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that on August 19, 1971, in Dona Ana County, New Mexico, the defendant Bell committed an assault with intent to commit a violent felony, to wit: kill, murder *or* mayhem, officers James Wells and Ron Axtell, then you should find him guilty as charged in Counts 4 and 5 of the indictment. The trial court by defining the word mayhem and not defining the word murder (we consider the use of the word kill as mere redundancy) did not alter or limit the indictment as Bell contends.

■ By using the word "or" in its indictment the grand jury charged Bell in the alternative and the state had the burden of proving one or the other. We believe that there is substantial evidence to support Bell's conviction that he assaulted officers James Wells and Ronald Axtell with intent to commit a violent felony, to wit: murder. Murder is defined in § 40A–2–1, N.M.S.A.1953 (Repl.Vol. 6) as "the unlawful killing of one human being by another with malice aforethought, either express or implied, by any of the means with which death may be caused."

Given the high possibility of death in the deliberate sharp turn, Bell hit the police car and forced it off the road while driving at a speed of 110 mph. The jury could reasonably have inferred from the evidence that Bell intended to murder the police officers. There was no prejudicial error in the trial proceedings.

Affirmed.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.