512 P.2d 1262

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard Lee JONES, Defendant-Appellant.**

**No. 1144.**

Court of Appeals of New Mexico.
July 18, 1973.

Bruce C. Redd, M. Ralph Brown, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Andrea Buzzard, James H. Russell, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant was charged with the rape of one Judy Brady. The trial ended in a hung jury. The defendant was then tried for assault with intent to commit a violent felony, to wit: rape, contrary to § 40A–3–3, N.M.S.A.1953 (2d Repl.Vol. 6). The alleged victim was one Mary Cross, Judy Brady's companion on the night in question. Defendant was convicted.

Defendant raises nine points for reversal. In this case, we review only two.

The first is that the trial court failed to instruct the jury as to the essential elements of the crime charged. The instruction complained of states:

"The material allegations of the indictment necessary to be proven to your satisfaction and beyond a reasonable doubt before you can find the defendant guilty are that at the County of Bernalillo in the State of New Mexico on the 23rd day of June, 1972, the defendant did assault Mary Cross with intent to rape."

Defendant's contention is that the court nowhere attempted a definition of the word "assault." Therefore, the jury was allowed to guess or speculate as to its meaning. This question is raised for the first time on appeal. Therefore, the error, if any, must be jurisdictional to be reviewable. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 decided July 6, 1973.

The state relies upon our decision in State v. Bell, 84 N.M. 133, 500 P.2d 418 (Ct.App.1972), where we stated:

"The trial court instructed the jury in the language of the statute. This is sufficient. State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969). If Bell desired any amplification or definition of

words, he should have presented a request therefor. . . ."

The record in the *Bell* case indicates that it is factually distinguishable. Although *Bell* involved the same statute, the trial court explicitly defined assault in terms of the statutory definition found in § 40A–3–1, N.M.S.A.1953 (2d Repl.Vol. 6).

We believe that the failure of the trial judge to define assault in the instant case was jurisdictional error. The failure to instruct on an essential element of the crime is jurisdictional error. State v. Gunzelman, supra; State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969). The definition of assault found in § 40A–3–1, supra, contains essential elements of the crime of which defendant was convicted, assault with intent to commit a violent felony. Were we to hold otherwise, a person charged with simple assault would have the benefit of the statutory definition of assault, assuming the judge charged in terms of the statute. But the person charged with assault with intent to commit a violent felony would not have the benefit of a definition of assault. We see no reason to introduce such an anomaly into the law.

Of course, when the element involved is one of common usage or understanding or where the terms of the statute define the element, further definition is unnecessary. State v. Gunzelman, supra; State v. Puga, 84 N.M. 751, 508 P.2d 26 (1973). However, assault is a term of art, susceptible to different meanings. The Attorney General at oral argument defined assault as, "Putting a person in apprehension of receiving a battery." The statute defines assault as follows:

". . .

"A. an attempt to commit a battery upon the person of another;

"B. any *unlawful* act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery; or [Emphasis added]

"C. the use of insulting language toward another impugning his honor, delicacy or reputation."

What might be termed the lay definition of assault includes a connotation of attack or striking. See Webster's Third New International Dictionary 130 (15th Ed. 1966). We do not think that the jury should be allowed to speculate as to which meaning applies. Failure in this regard is jurisdictional error.

Finally, we must consider defendant's contention of double jeopardy since it would prevent a remand for a new trial, if accepted. Defendant was first tried for the rape of Judy Brady. The trial ended in a hung jury. Then he was tried and convicted of the charges involved here. He contends that jeopardy attached after the first trial and that he could not be tried again on charges stemming from the same incident. The law is clear that a mistrial caused by a hung jury cannot form the basis for a plea of former jeopardy absent a gross abuse of discretion in discharging the jurors. State v. Brooks, 59 N.M. 130, 279 P.2d 1048 (1955). Further, since the two trials involved different offenses in connection with different victims, the facts were sufficiently different that no double jeopardy is involved. Woods v. State, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972); State v. Anaya, 83 N.M. 672, 495 P.2d 1388 (Ct.App.1972); State v. Mares, 79 N.M. 327, 442 P.2d 817 (Ct. App.1968).

The judgment and sentence of the lower court is reversed and the cause is remanded for a new trial consistent with this opinion.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.