522 P.2d 76

**STATE of New Mexico, Petitioner,**

v.

**Anthony HERRERA, Respondent.**

**No. 9928.**

Supreme Court of New Mexico.

May 3, 1974.

Rehearing Denied May 24, 1974.

David L. Norvell, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for petitioner.

John C. Maine, Jr., Albuquerque, for respondent.

New Mexico District Attorneys' Ass'n, Joseph P. Paone, Albuquerque, amicus curiae.

## OPINION

STEPHENSON, Justice.

Defendant was convicted of trafficking in heroin in violation of § 54–11–20, N.M.S.A. 1953 (Supp.1973). He was sentenced to serve not less than ten nor more than fifty years and appealed. The Court of Appeals reversed and remanded for resentencing. State v. Herrera, 86 N.M. 134, 520 P.2d 554 (Ct.App.1974). We granted certiorari and now reverse the Court of Appeals.

Various statutes or portions thereof are pertinent to our consideration of the issues. § 54–11–20 is part of the Controlled Substances Act (Laws 1972, ch. 84). § 54–11–20, subd. B. provides:

"B. Except as authorized by the Controlled Substances Act, it is unlawful for any person to intentionally traffic. Any person who violates this subsection is, for the first offense, guilty of a second degree felony and, for the second and subsequent offenses, guilty of a first degree felony."

The Controlled Substances Act is not part of the Criminal Code (Laws 1963, ch. 303) and contains no sentencing authority.

§ 40A–1–7, N.M.S.A.1953, after classifying felonies by degrees, including those of the second and fourth degrees, continues:

"A crime declared to be a felony, without specification of degree, is a felony of the fourth degree."

§ 40A–29–3, N.M.S.A.1953 provides in subsections B. and D., relating to second and fourth degree felonies, respectively:

"B. Where the defendant has been convicted of a crime constituting a second degree felony, the judge shall sentence such person to be imprisoned in the penitentiary for the term of not less than ten [10] years nor more than fifty [50] years, or to the payment of a fine of not more than ten thousand [dollars] ($10,000), or to both such imprisonment and fine in the discretion of the judge.

"D. Where the defendant has been convicted of a crime constituting a fourth degree felony, the judge shall sentence such person to be imprisoned in the penitentiary for the term of not less than one [1] year nor more than five [5] years, or to the payment of a fine of not more than five thousand dollars ($5,-000), or to both such imprisonment and fine in the discretion of the judge."

§ 40A–29–11, N.M.S.A.1953 provides in its subsections A. and B.:

"A. Whenever a defendant is convicted of a crime under the Constitution, or a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall have the power to pronounce sentence and imposition of fine in accordance with the provisions prescribed by such statute or constitutional provision for the particular crime of which such person was convicted.

"B. A crime declared to be a felony by the state Constitution or a statute not contained in the Criminal Code, without specification of the sentence or fine to be imposed on conviction, shall constitute a fourth degree felony as prescribed under this code for the purpose of the sentence and shall be so sentenced."

The Court of Appeals held § 40A–29–11 to be clear and unambiguous. It then reasoned that inasmuch as the sentence to be imposed on conviction of the offense in question was not specified in that statute, or perhaps elsewhere in the Controlled Substances Act, or in any case some place other than the Criminal Code, the offense should have been treated as a fourth degree felony and defendant sentenced to serve not less than one nor more than five years under § 40A–29–3, subd. D., rather than the sentence he received under subsection B. of that statute. Thus it reached its result—remand for resentencing.

The legislative intent disclosed by these statutes is our polestar. Gauged by this criterion, the result reached by the Court of Appeals seems doubtful. Did the legislature really intend that an offense which it specifically denominated a second degree felony should be punished as a fourth degree felony? The legislative scheme disclosed by our criminal statutes generally is that second or subsequent offenses often carry heavier penalties—a thought obvious in § 54–11–20, subd. B. Yet under the reasoning of the Court of Appeals, a second or subsequent offense of trafficking in heroin would still be punished as a fourth degree felony though

specifically made a first degree felony in that statute. What was the legislative purpose in classifying these offenses as first and second degree felonies if they can only be punished as fourth degree felonies? What purpose is there in classifying felonies in any case other than to establish the means and magnitude of penalty? Did the legislature truly intend to equate trafficking in heroin, whether a first offense or a second or subsequent offense, with possession of eight ounces of marijuana? § 54–11–23, subd. B. (3), N.M.S.A.1953 (Supp.1973).

These questions tend to answer themselves. We will not construe statutes to achieve an absurd result or to defeat the intended object of the legislature. Trujillo v. Romero, 82 N.M. 301, 481 P.2d 89 (1971); State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), certiorari denied 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

We do not agree that § 40A–29–11 is clear and unambiguous. What is meant by the words "without specification of the sentence or fine to be imposed" in subsection B.? It does not say that the specification must be in the same breath, phrase, sentence, subsection, section or enactment as the statute which declares the crime to be a felony. Here there is a specification of the penalty which is to be found in § 40A–29–3, subd. B. The penalty was effectively specified by denominating the offense a second degree felony.

Moreover, we are not concerned with "a crime declared to be a felony by * * * a statute not contained in the Criminal Code." § 40A–29–11, subd. B. Rather we are concerned with a crime declared to be a "second degree felony." § 54–11–20, subd. B. The construction placed upon these statutes by the Court of Appeals would wholly disregard the words "second degree" for first offenses and "first degree" for second and subsequent offenses in § 54–11–20, subd. B. We attempt to construe statutes so that meaning and effect will be given to every part thereof. State v. Thomson, 79 N.M. 748, 449 P.2d 656 (1969); Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968); Peyton v. Nord, 78 N.M. 717, 437 P.2d 716 (1968).

Amicus points out various constitutional provisions and statutes which provide that an offense is a felony without specifying the degree, and argues that § 40A–29–11, subd. B. must have been intended to apply only to a felony the degree of which is not specified by the statute declaring it to be such. We agree. Such a construction is harmonious with, if not compelled by, the portion of § 40A–1–7 that we have quoted. Conflicts between creating and sentencing statutes, such as imposing fourth degree penalties on second degree felonies, are avoided by such a construction.

In our view, the statutes which we have cited and discussed are in pari materia one with the other, and the construction we have placed on them effectuates the legislative intent in a reasonable and harmonious way. Although playing no part in our decision, our belief that we have correctly determined the legislative intent of these statutes is strengthened by the fact that the 1974 Legislature, shortly after the opinion of the Court of Appeals was handed down, amended § 54–11–20 so as to include the penalty provisions within the confines of the statute. Laws 1974, ch. 9. We observe that had that amendment been in effect at the time of the offense, the same sentence that we here approve would have been imposed.

The opinion of the Court of Appeals in this case is reversed. The judgment and sentence of the district court is affirmed and shall be given full force and effect.

It is so ordered.

McMANUS, C. J., and OMAN, MONTOYA and MARTINEZ, JJ., concur.