525 P.2d 913

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert E. TUCKER, Defendant-Appellant.**

**No. 1347.**

Court of Appeals of New Mexico.

June 5, 1974.

Rehearing Denied July 1, 1974.

Certiorari Denied July 25, 1974.

Hernandez, J., filed opinion concurring in part and dissenting in part.

**554**

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, George Henry Farrah, Asst. Public Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Willard W. Royer, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Convicted of unlawful distribution of a controlled substance contrary to § 54–11–22(A), N.M.S.A.1953 (Vol. 8, pt. 2, Supp. 1973), defendant raises the following issues: (1) applicability of the Controlled Substances Act to individuals; (2) instructions on intent; (3) admissibility of evidence of prior misconduct; and (4) sentencing. We affirm.

■ The first issue was decided adversely to defendant's position in State v. McHorse, 85 N.M. 753, 517 P.2d 75 (Ct. App.1973). We adhere to that decision.

■ Defendant secondly alleges jurisdictional error for failure to instruct upon general criminal intent. We have held that an instruction in terms of "conscious wrongdoing" or its equivalent is sufficient. State v. Montoya, 86 N.M. 155, 520 P.2d 1100 decided March 20, 1974; State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct. App.1972). The trial court instructed that the acts alleged in the indictment must have been committed, "* * * knowingly, unlawfully and feloniously * * *," be-

fore a conviction could result. The court then defined those terms. A similar instruction was held sufficient in State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct. App.1969).

■ Defendant claims the trial court specifically instructed the jury that no purpose, motive or intent were required by this statute. At most this instruction conflicted with the instruction quoted above. There must be an objection to incorrect, inconsistent or confusing instructions before we may review them. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973).

In his brief defendant also argued that the trial court failed to instruct upon specific intent. At oral argument, however, the parties confined themselves to a discussion of whether the jury was instructed upon general intent. Defense counsel explained his failure to press the specific intent issue by stating that our decision in State v. Montoya, supra, indicates that § 54–11–22(A), supra, is a "general intent statute." However, in *Montoya* we expressly avoided the issue of specific intent when we stated:

". . . Since we hold that the trial court failed to instruct upon general criminal intent, we need not discuss the requirements for a sufficient instruction upon specific intent."

The trial court in the case at bar instructed upon general intent in terms of conscious wrongdoing or its equivalent. Therefore, we must answer the questions of whether the statute requires a specific intent and, if so, whether the jury was instructed upon it.

■■ We hold that the following language in § 54–11–22(A), supra, indicates that specific intent is an essential element of the crime: "* * * it is unlawful for any person to *intentionally* distribute or possess *with intent to* distribute a controlled substance * * *." [Emphasis added]. See State v. Gunzelman, supra. The trial court instructed that the jury must find: "* * * That the defendant * * * did knowingly, unlawfully and fe-

loniously distribute, sell, barter, or give away a Controlled Substance * * *." This instruction is substantially in terms of the statutory language quoted above. Where the statute defines a specific intent, an instruction substantially in terms of that statute is sufficient. State v. Gunzelman, supra. Since the trial court did instruct on all essential elements of the crime and, "* * * all questions of law necessary for guidance in returning a verdict * * *," there was no error. N.M.R.Cr.P., Rule 41, § 41–23–41, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973).

Defendant thirdly questions the admissibility of certain testimony regarding prior misconduct. He claims that it was prejudicial and inflammatory. No objection to the testimony was taken. Defendant relies upon New Mexico Rules of Evidence, Rule 103(d), § 20–4–103(d), N.M.S.A.1953 (Repl. Vol. 4, Supp.1973), in contending that the error, if any, is reviewable under the doctrine of "plain error." Although the information was filed before the effective date of the rules, defendant argues that they set forth the best view of the common law. However, New Mexico law prior to the adoption of the rules did not allow review of unpreserved, plain error. State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct.App.1972).

Defendant finally asks us to remand for resentencing. This issue was not raised below. The issue raised here was decided adversely to defendant's contention in State v. Herrera, 86 N.M. 224, 522 P.2d 76. (1974) [Sup.Ct. case].

The judgment is affirmed.

It is so ordered.

HENDLEY, J., concurs.

HERNANDEZ, Judge (concurring in part and dissenting in part).

I respectfully dissent from the part of the opinion that holds that specific intent is an essential element of the crime defined in the following segment of § 54–11–22(A), supra: " * * * it is unlawful for any person to intentionally distribute * * * a controlled substance * * *."

I have become persuaded that I was in error when I decided to the contrary in my specially concurring opinion in State v. Montoya, supra. I am still of the opinion that the following segment of § 54–11–22(A), supra, does require specific intent as an essential element ·of the crime defined: " * * * it is unlawful for any person to * * * possess with intent to distribute a controlled substance * * *."

In State v. Austin, supra, general criminal intent was defined as a mental state of conscious wrongdoing. Applying that definition to the first segment of § 54–11–22(A) set forth above, an individual to be guilty of that crime would have to know that what he was distributing was a controlled substance. This in my opinion is a mental state of conscious wrongdoing. Crimes of specific intent, however, consist of the doing of a prohibited act together with the mental intent to do the additional act specifically required for guilt. For example, § 54–11–22(A), N.M.S.A.1953 (Vol. 8, pt. 2, Supp.1973) provides in pertinent part: " * * * it is unlawful for any person to * * * possess with intent to distribute a controlled substance * * *." Therefore to constitute the crime defined by the second segment of § 54–11–22(A), supra, a person must commit the crime of possessing a controlled substance together with the mental intent to distribute it. Section 40A–16–3, N.M.S.A. 1953 (Vol. 6, 2d Repl.) provides: "Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein."