525 P.2d 916

STATE of New Mexico, Plaintiff-Appellee,

v.

Eugene GONZALES, a/k/a Gene Gonzales, Defendant-Appellant.

No. 1405.

Court of Appeals of New Mexico.

July 31, 1974.

Lopez, J., concurred specially and filed an opinion.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Pedro G. Rael, Asst. App. Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of two violations of § 54–11–20, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973), defendant appeals. The claim concerning defendant's sentence was decided in State v. Herrera, 86 N.M. 224, 522 P.2d 76 (1974). The issues discussed concern instructions on intent and knowledge.

Section 54–11–20(A), supra, states the ways a person may traffic in a controlled substance. In this case the trafficking consisted of the sale of heroin and possession of heroin with intent to distribute it. Section 54–11–20(B), supra, makes it unlawful for anyone to "intentionally traffic."

*Instruction on Intent*

■ Section 54–11–20, supra, sets forth the requisite intent. The jury was instructed substantially in accordance with the statutory language. When the statute sets forth the requisite intent, instructions in the language of the statute sufficiently instruct on the required intent. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973); State v. Fuentes, 85 N.M. 274, 511 P.2d 760 (Ct.App.1973); State v. Puga, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973). Acknowledging that State v. Fuentes, supra, supports the above rule, defendant asserts that *Fuentes* is inconsistent with State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972). We disagree. In *Fuentes* the requisite intent was stated in the statute; in *Bachicha* the requisite intent was not stated in the statute. Regardless of whether a particular crime involves a specific intent or a general criminal intent, if the requisite intent is set forth in the statute, instructions in the language of the statute sufficiently instruct on the required intent. The corollary is that where the

statute does not set forth the requisite intent, instructions in the language of the statute do not sufficiently instruct on intent. State v. Puga, supra.

Defendant would depart from the above rule. His contention is that instructions must have been given on both specific intent and general criminal intent. Related to this issue is the question of whether § 54–11–20, supra, requires a specific intent or only a general criminal intent.

■ Section 54–11–20, supra, requires a specific intent. See specially concurring opinion of Judge Sutin in State v. Ramirez, 84 N.M. 166, 500 P.2d 451 (Ct.App. 1972). State v. Montoya, 86 N.M. 155, 520 P.2d 1100 (Ct.App.1974) discusses § 54–11–20(B), supra, in terms of a general criminal intent, but that discussion is explained in State v. Tucker (Ct.App.), No. 1347, decided June 5, 1974, 525 P.2d 913. *Montoya* is not to be read as holding that § 54–11–20, supra, does not require a specific intent.

■ When a statute requires a specific intent, the instructions need not be concerned with general criminal intent. State v. Gunzelman, supra, explains. In *Gunzelman*, the jury was instructed in the language of the statute on the specific intent required for burglary. *Gunzelman* states: "It follows that the need for an additional instruction on general criminal intent was unnecessary as a person is presumed to intend the logical consequences of his actions." State v. Puga, supra, is to the same effect.

■ State v. Montoya, supra, and State v. Tucker, supra, may be read for the view that there must be instructions on both specific intent and general criminal intent. Such a view is erroneous, being contrary to State v. Gunzelman, supra. To the extent State v. Montoya, supra, and State v. Tucker, supra, support a view that there must be instructions on both specific intent and general criminal intent, they are overruled.

*Instruction on Knowledge*

■ State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960) holds that in a prosecution for possession of narcotics, the State must prove that defendant knew of the presence and narcotic character of the object possessed. This "knowledge" requirement applies to the trafficking offenses in this case. Defendant could not have intentionally sold heroin absent knowledge that the item sold was heroin. He could not have possessed heroin with intent to distribute it absent knowledge that the item possessed was heroin.

Defendant claims the instructions failed to cover the knowledge requirement. He points out that the instructions concerning the sale made no reference to knowledge as an element of the crime. He points out that the instructions concerning the possession with intent to distribute do not define "possession." He asserts that "possession" was given a specific meaning in State v. Giddings, supra, and that the jury was never informed of this meaning. See State v. Jones, 85 N.M. 426, 512 P.2d 1262 (Ct.App.1973).

Defendant's contentions concerning both crimes bottom on the proposition that "knowledge" is a concept separate from "intent." Decisions of the New Mexico appellate courts have treated knowledge and intent as separate concepts. State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962); State v. Vickery, 85 N.M. 389, 512 P.2d 962 (Ct.App.1973). The fact that knowledge and intent are separate concepts does not resolve this issue. Our concern is whether the jury was instructed on the requisite element of "knowledge." Since "knowledge" was not expressly referred to in the instructions, the question is whether the language used in the instructions informed the jury of the knowledge requirement. See State v. Gunzelman, supra; State v. Puga, supra.

■ In considering the language used in the instructions, we do not isolate "intent" from the item on which that intent operates. That item, in this case, is heroin. Heroin is a narcotic drug as a matter of law. Sections 54–11–2(P) and 54–11–6(B)(10), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973). Defendant must have intended to sell heroin; he must have possessed heroin with intent to distribute it.

Webster's Third New International Dictionary (1966) defines "intent" as: "the state of mind or mental attitude with which an act is done: VOLITION." "Volition," in turn, is defined as "the act of deciding" and "the exercise of the will."

■ Although knowledge and intent are separate concepts, defendant could not have the requisite state of mind, could not have exercised his will, in relation to the heroin, without knowledge that his decision involved heroin. The instruction that defendant must have intended to sell heroin and the instruction that defendant must have possessed heroin with intent to distribute it conveyed the understanding to the jury that defendant must have had knowledge that he was involved with a narcotic drug. See State v. Jones, supra; State v. Puga, supra.

■ Both issues, the instruction on intent and the instruction on knowledge, were raised for the first time on appeal as jurisdictional issues on the theory that essential elements had been omitted. There being no jurisdictional defect, defendant's position is reduced to a claim that the instructions should have amplified or further defined "intent" and "knowledge." The answer is that defendant made no such request and, thus, raises no issue as to additional instructions in this Court. State v. Bell, 84 N.M. 133, 500 P.2d 418 (Ct.App. 1972).

The judgment and sentences are affirmed.

It is so ordered.

HENDLEY, J., concurs.

LOPEZ, J., specially concurs.

LOPEZ, Judge (specially concurring).

I concur with the results of the majority opinion; however, since I do so on a different approach, I specially concur.

Defendant contends that the court committed jurisdictional error by its alleged failure to instruct upon general criminal intent, which we have held is an essential element of the crimes charged. State v. Tucker (Ct.App.), No. 1347, decided June 5, 1974, 525 P.2d 913; State v. Montaya, 86 N.M. 155, 520 P.2d 1100 (Ct.App.1974). Defendant makes no contention that the court failed to instruct on the element of specific intent. He concedes that the court instructed substantially in terms of the statute.

In State v. Fuentes, 85 N.M. 274, 511 P.2d 760 (Ct.App.1973), we held that an instruction substantially in terms of § 54–11–22(A), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973), was a sufficient instruction on the element of general intent. There is no reason to distinguish § 54–11–22(A), supra, from § 54–11–20, supra. Defendant recognizes that *Fuentes* squarely governs this case.

Defendant requests that we overrule *Fuentes*. He argues that it conflicts with our holding in State v. Bachicha, 84 N.M. 397, 503 P.2d 1175 (Ct.App.1972). There we held that an instruction in terms of the statute was not a sufficient instruction on the element of general intent.

In State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973), and State v. Puga, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973), instructions substantially in terms of the statutes were held to satisfy the requirement of instructing upon general intent. These cases can be reconciled with *Bachicha*. In *Bachicha* the instruction that, " '. . . [a]ny person who shall take any vehicle intentionally and without consent of the owner thereof shall be guilty of a felony . . .,' " did not exclude the possibility of an innocent converter. Cf. State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct. App.1969). In *Gunzelman* and *Puga* the courts informed the juries that they must find that the defendants had a specific intent to commit a "theft." Since one cannot commit a theft without a mental state of "conscious wrongdoing," it was held in both cases that no further instruction on general intent was necessary. Similarly, one who had the specific intent mentioned in this statute, the intent to distribute heroin, could not have been engaged in anything other than conscious wrongdoing, in light of the widespread knowledge that "pushing" narcotics is a crime.

Defendant argues that he could have had no knowledge of the narcotic character of the substance and was therefore like the innocent converter in *Bachicha*. However, even defendant admits that knowledge is a concept separate from the element of intent. See State v. Vickery, 85 N.M. 389, 512 P.2d 962 (Ct.App.1973).

Defendant recognizes that knowledge is an element of possession. See State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960). He then argues on the basis of State v. Jones, 85 N.M. 426, 512 P.2d 1262 (Ct.App.1973), that the layman would not realize this fact, that possession is a "term of art" when it is read as including knowledge and that the failure to define possession in the instruction was jurisdictional error. The *Jones* case is distinguishable because there the trial court failed to instruct substantially in terms of the statute. The elements of "assault," which was the term involved in *Jones,* were statutorily defined but not presented to the jury. Here the elements of possession are not defined in the statute. Therefore, the case is controlled by State v. Bell, 84 N.M. 133, 500 P.2d 418 (Ct.App.1972). There we held that where the trial court instructs in terms of the statute, the defendant must request " . . . any amplification or definition of words [therein] . . . ." There was no jurisdictional error.