565 P.2d 352

STATE of New Mexico, Plaintiff-Appellee,

v.

Orlando PADILLA, Sr., Defendant-Appellant.

No. 2839.

Court of Appeals of New Mexico.

May 17, 1977.

Certiorari Denied June 9, 1977.

Terry M. Word, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was charged with two counts of first degree murder, one count of attempted murder or in the alternative, assault with intent to commit murder or mayhem or aggravated battery—all with a firearm. Convicted of one count of voluntary manslaughter and one count of aggravated battery he appeals asserting the trial court erred in: (1) failing to give former U.J.I. Criminal 2.11 which defines "intent to kill or do great bodily harm"; (2) refusing to give his requested self-defense instructions; (3) allowing the admission of certain out-of-court statements; and, (4) committing cumulative error.

We affirm.

This case arose out of a shooting incident. Certain facts are not in dispute. Defendant was managing the LULAC Club. Robert, James and Roger Montoya came into the club and began playing pool. One or more of the Montoyas became involved in a fight with another person in the club. Defendant tried to break up the fight and was struck with a pool cue by one or more of the Montoyas. While the fight continued and became larger defendant went to where he kept his gun and fired into the ceiling in an effort to stop the fight. Robert Montoya then pulled out a gun whereupon defendant stated he did not want any trouble but only wanted the fighting to end. Subsequently all the Montoyas backed out of the building. Shortly thereafter, two or more of the Montoyas started to return and confronted defendant at or near the door of the club. Shots were fired which resulted in the death of Robert and James Montoya and the injury of Roger Montoya.

### Failure to Give Instruction

The jury was instructed on voluntary manslaughter which stated in part:

"The defendant had an intent to kill or do great bodily harm . . . ." [Subsequently amended October 1, 1976]

The Use Note states that U.J.I. Criminal Instruction 2.11 [subsequently amended to U.J.I. Criminal 1.21] must be given. Instruction 2.11 defined intent to kill or do great bodily harm. Instruction 2.11 was not given and defendant did not request that it be given.

Defendant now contends that the failure to give Instruction 2.11 amounts to jurisdictional error because it omitted an

essential element of voluntary manslaughter. *State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973). We cannot see how a failure to give a definition instruction can be elevated to a failure to instruct on an essential element. *State v. Gunzelman*, supra, and *State v. Fuentes*, 85 N.M. 274, 511 P.2d 760 (Ct.App.1973) state that instructions in the language of the statute are sufficient. Further, a failure to instruct the jury on a definition or amplification of the elements of a crime is not error. *State v. Gonzales*, 86 N.M. 556, 525 P.2d 916 (Ct.App.1974); *State v. Puga*, 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973); *State v. Bell*, 84 N.M. 133, 500 P.2d 418 (Ct.App.1972).

Defendant further contends that since the Use Note states the instruction must be given and since we are bound to follow the Supreme Court Order adopting the U.J.I. Criminal Instructions and Use Notes (*State v. Scott*, (Ct.App.) 90 N.M. 256, 561 P.2d 1349, decided March 1, 1977), the failure to give the instruction was jurisdictional error. While error may have occurred had defendant requested Instruction 2.11, an issue we need not decide, we decline to hold that the Use Note elevated Instruction 2.11 to the status of an element of the crime of voluntary manslaughter.

Failure to give the unrequested definitional instruction was not jurisdictional error.

*Self-defense Instructions*

■ Defendant's requested instruction No. 2 was taken from U.J.I. Criminal Instruction No. 41.43 (subsequently changed to 41.61). It stated:

"Self-defense is not available to a person who starts a fight or agrees to fight, unless he tries to stop the fight and lets the other person know he no longer wants to fight or unless he had to defend himself against unreasonable force without being able to stop the fight."

Defendant contends the trial court erred in not giving the instruction because without it the jury might have believed that if defendant started or agreed to the fight with the Montoyas he would not be entitled to the right of self-defense.

We disagree with defendant's contention. The jury was given instructions on defendant's right to self-defense that corresponds to U.J.I. Criminal 41.41. Defendant's requested instruction would have injected a false issue in the case since there was no evidence to support the giving of the instruction. *State v. Waller*, 80 N.M. 380, 456 P.2d 213 (Ct.App.1969). The fight was at an end when the Montoyas left the building. The fact that they subsequently returned started a new series of events. It was during this series of events that the shooting occurred. The trial court properly refused the requested instruction.

Defendant also requested an instruction on self-defense that corresponds to U.J.I. Criminal 41.41. Part of that instruction stated:

" . . . There was an appearance of immediate danger of death or great bodily harm to the defendant as a result of [the victim's] [assault] with a deadly weapon, to wit: a cue stick or a gun. . . . "

The trial court accepted the defendant's requested instruction except that it deleted the words " . . . to wit: a cue stick or a gun. . . . " Defendant contends that the deletion constituted error because his requested instruction "properly represented the law and the facts of the case."

Defendant relies in part on *State v. Martinez*, 30 N.M. 178, 230 P. 379 (1924). *Martinez*, supra, also dealt with the question of a trial court's refusal of the defendant's requested instruction and the adequacy of the instructions actually given. The Supreme Court stated:

" . . . While the testimony may have authorized the court to submit the charge as given, certainly the defendant had a right to have submitted to the jury her theory of the case, . . . , and to have the facts relative thereto stated with sufficient clearness in the charge to distinctly present this phase of her defense to the jury. . . . "

484

While the language of *Martinez*, supra, may support the defendant's contention we find that *Martinez*, supra, is not controlling.

■ Defendant's requested instruction differs from the instruction given in that the former comments on the evidence given at trial. U.J.I. Criminal implicitly adopts a policy against using instructions which comment on the evidence. The General Use Note to U.J.I. Criminal states that when an issue arises that is not covered by U.J.I. Criminal " . . . the court may give an instruction which is . . . free from hypothesized facts and otherwise similar in style to these instructions." Comments on the evidence is a matter that should be left for argument. See Committee Commentary to U.J.I. Criminal 40.00 and 40.02. Compare the expressed policies stated in the civil area. Rule of Civ.Proc. 51(1); see also *Garcia v. Barber's Super Markets, Inc.*, 81 N.M. 92, 463 P.2d 516 (Ct.App.1969).

To the extent that *Martinez*, supra, may be in conflict with U.J.I. Criminal we hold that the Order of the Supreme Court adopting U.J.I. Criminal has implicitly overruled *Martinez*, supra. Other authorities relied on by the defendant are not persuasive. The instruction given by the trial court was detailed enough to put the alleged acts of the Montoyas in context with the evidence. See *State v. Beal*, 86 N.M. 335, 524 P.2d 198 (Ct.App.1974).

### Out-of-court Statements

■ Detective Richardson, a witness for the state was allowed to testify about certain statements made to him by a Leon Padilla. Leon Padilla was not called to testify at trial. Defendant objected at trial and claimed the admission of these out-of-court statements violated the Rules of Evidence relating to hearsay. On appeal, defendant claims the use of these statements violated the hearsay rule and denied his constitutional right to confrontation. The latter contention will not be considered because it was not brought to the attention of the trial court. *State v. Bolen*, 88 N.M. 647, 545 P.2d 1025 (Ct.App.1976).

■ Defendant's hearsay contentions, even if correct, do not constitute error on the part of the trial court. The state asserts it was using the statements for a purpose other than for the truth of the matter asserted. The state's purported use would take the statement out of the hearsay rule. Evidence Rule 801(c). It is not error to admit evidence inadmissible for one purpose but admissible for another purpose. *Boulden v. Britton*, 86 N.M. 775, 527 P.2d 1087 (Ct.App.1974), rev. on other grounds, 87 N.M. 474, 535 P.2d 1325 (1975); *Moore v. Mazon Estate*, 24 N.M. 666, 175 P. 714 (1918).

■ Defendant also contends that the purported use of the statements by the state was not relevant to any issue in the case. The defendant's arguments concerning relevancy are raised for the first time on appeal and will not be considered. *State v. Duran*, 83 N.M. 700, 496 P.2d 1096 (Ct. App.1972).

### Cumulative Error

Defendant contends that the alleged errors above plus six other additional alleged errors amount to cumulative error requiring reversal. *State v. Gutierrez*, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967). After reviewing the other six additional alleged errors we find that none of them constituted error. There being no error in any of the points raised by defendant there is no cumulative error. *State v. McCallum,*, 87 N.M. 459, 535 P.2d 1085 (Ct.App.1975).

■ Other issues raised in the docketing statement and not argued on appeal are deemed waived. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The judgment and sentence of the trial court is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.