579 P.2d 796

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**James BENDER, Defendant-Appellant.**

**No. 11638.**

Supreme Court of New Mexico.

May 31, 1978.

Reginald J. Storment, Appellate Defender, Douglas A. Barr, Asst. Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

FEDERICI, Justice.

Defendant was charged by criminal information with four counts of trafficking in a controlled substance, contrary to § 54-11 20(B), N.M.S.A.1953 (Supp.1975). At the conclusion of a jury trial the jury returned guilty verdicts for each count. The judgment and sentence committed the defendant to the penitentiary for ten to fifty years under Count I, and for life sentences under Counts II, III and IV, to be served concurrently. Defendant appeals.

Defendant asserts that the trial judge committed reversible error by failing to properly instruct the jury on the essential elements of the crime of trafficking in a controlled substance by distribution, as that crime is defined in § 54 -11 -20(A)(2), N.M.S. A.1953 (Supp.1975). Defendant acknowledges that the issue of the propriety of the trial court's instruction was not preserved

below. However, defendant asserts that the question may properly be raised for the first time on appeal as "jurisdictional error." N.M.R.Crim.P. 41(a) [§ 41–23–41(a), N.M.S.A.1953 (Supp.1975)] requires the trial court to instruct the jury on the law essential for a conviction of the crime submitted to the jury even if no requested instruction is tendered. In *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973), this Court held that the failure of the trial court to properly instruct on all of the essential elements of the crime charged was jurisdictional and could be raised for the first time on appeal.

Section 54–11–20(A) states the ways a person may traffic in a controlled substance. In this case the trafficking consisted of the sale of heroin. This crime is defined in § 54–11–20(A)(2), as follows:

A. As used in the Controlled Substances Act [54–11–1 to 54–11–39], "traffic" means the:

(2) distribution, sale, barter or giving away any controlled substance enumerated in Schedules I or II which is a narcotic drug.

Section 54–11–20(B) makes it unlawful for anyone to "intentionally traffic."

In instructing the jury on the elements of the crime, the trial court used N.M.U.J.I. Crim. 36.10, as follows:

For you to find the defendant guilty of "trafficking a controlled substance by distribution" as charged in Count One, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant transferred heroin to another;

2. The defendant knew it was heroin or believed it to be heroin, or believed it to be some drug or other substance the possession of which is regulated or prohibited by law;

3. This happened in New Mexico on or about the 28th day of October, 1976.

An instruction on general criminal intent, N.M.U.J.I. Crim. 1.50 [Vol. 6, N.M.S.A.1953 (Supp.1975), at 294], was also given.

Defendant contends that trafficking in a controlled substance by distribution is a specific intent crime, that the jury should have been instructed on the additional element of specific intent, and that the trial court committed jurisdictional and reversible error in failing to so instruct the jury. We do not agree with the defendant's contentions.

Defendant relies upon *State v. Gonzales,* 86 N.M. 556, 525 P.2d 916 (Ct.App.1974). In *Gonzales,* the defendant was convicted of two violations of § 54–11–20 as it read before its most recent amendments [Controlled Substances Act, ch. 84, § 20, 1972 N.M. Laws 465]. The amendments to the earlier version of the statute changed only its sentencing provisions, and for our present purposes the amended and unamended versions of the statutes may be said to be identical. In *State v. Gonzales, supra,* the trafficking of which the defendant was convicted consisted of the sale of heroin, § 54–11–20(A)(2), and possession of heroin with intent to distribute it, § 54–11–20(A)(3). Without distinguishing between these two subsections, the Court of Appeals held that § 54–11–20 requires a specific intent. We think the holding of the Court of Appeals was erroneous insofar as it interprets the crime of trafficking in a controlled substance by distribution, § 54–11–20(A)(2), to be a crime of "specific intent," and to that extent only *Gonzales* is hereby overruled.

The following passage from *People v. Hood,* 1 Cal.3d 444, 456, 457, 82 Cal.Rptr. 618, 626, 462 P.2d 370, 378 (1969), places this question in proper perspective:

When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a further consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.

Since that portion of § 54–11–20 which prohibits trafficking by "distribution, sale, barter or giving away any controlled substance . . . which is a narcotic drug,"

§ 54–11–20(A)(2), consists of only a description of a particular act, without reference to defendant's intent to do some further act or achieve some additional consequence, the crime is properly one of general intent. Consequently, there was no error in the trial court's instructions to the jury in this case.

It should also be noted that N.M.U.J.I. Crim. 36.10, fully informs the jury that, in order to convict of the crime of trafficking a controlled substance by distribution, it must find that the defendant knew the substance transferred by him to be the drug he is charged with distributing, or believed it to be that drug, or believed it to be some drug or other substance the possession of which is regulated or prohibited by law. Thus, the element of "knowledge" is not lacking from the uniform instruction. *See State v. Giddings,* 67 N.M. 87, 352 P.2d 1003 (1960); *State v. Gonzales, supra.*

Having found no error in the trial court's instructions to the jury, and having found the other points raised by defendant on appeal to be without merit, the judgment and sentence are affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.