# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date: June 16, 2014

Docket No. 34,453

STATE OF NEW MEXICO, ex rel.
KARI BRANDENBURG, Second Judicial
District Attorney,

       Petitioner,

v.

HON. ROSS SANCHEZ,

       Respondent,

and

ANTHONY SAMORA,

       Real Party in Interest.

ORIGINAL PROCEEDING

Office of the District Attorney
Clara Moran
Albuquerque, NM

for Petitioner

Gary K. King, Attorney General
Scott Fuqua, Assistant Attorney General
Santa Fe, NM

for Respondent

Edward O. Bustamante
Albuquerque, NM

for Real Party in Interest

1

**OPINION**

**BOSSON, Justice.**

**{1}**     On December 18, 2013, the undersigned panel of this Court granted a peremptory writ of superintending control directing the district court to determine whether to impose a mandatory life sentence on Defendant, Anthony Samora, after his second conviction for criminal sexual penetration (CSP) in the second degree. We write to explain our decision and to provide guidance for future courts regarding the interplay between NMSA 1978, Section 31-18-25(F) (1997) (defining "violent sexual offense"), and NMSA 1978, Section 30-9-11 (2007, amended 2009) (defining the crime of criminal sexual penetration), after the New Mexico Legislature reorganized Section 30-9-11 in 2007. That reorganization is the source of the confusion in this case.

**BACKGROUND**

**{2}**     In 2004, Defendant pled guilty to the charge of CSP in the second degree for raping a fourteen year-old boy. He served a sentence of three years' incarceration. Nearly ten years later, a jury convicted Defendant of CSP in the second degree (in the commission of another felony) for raping a fifteen year-old boy. Because this was Defendant's second such conviction, the State sought to impose a mandatory life sentence as set forth in Section 31-18-25 (requiring "a sentence of life imprisonment" for a "second violent sexual offense").

**{3}**     However, on December 11, 2013, the district court concluded that the mandatory life sentence enhancement under Section 31-18-25 did not apply to this case, finding a confusion, a "legislative infirmity," in the statutes. Before sentencing and before the district court released the jury from service, the State effectively appealed the district court's refusal to impose a mandatory life sentence pursuant to Rule 12-504 NMRA (governing appeals to the Supreme Court for extraordinary writs). We granted the State's emergency petition for writ of superintending control. This opinion follows.

**STANDARD OF REVIEW**

**{4}**     "We review questions of statutory construction *de novo.*" *State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022. When this Court construes statutes, our guiding principle is that we should determine and effectuate the Legislature's intent when it enacted the statute. *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047. While the plain meaning of the statute is the starting point of our determination, that alone does not necessarily resolve the question. *See State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 23, 117 N.M. 346, 871 P.2d 1352. We should not allow a literal plain reading of a statute to confound the legislative intent, and therefore, our inquiry does not end with the plain meaning of the words. *See id.* "This Court has rejected a formalistic and mechanical statutory construction when the results would be absurd, unreasonable, or contrary to the spirit of the statute." *Smith,* 2004-NMSC-032, ¶ 10.

2

**DISCUSSION**

**{5}** In this appeal, Defendant does not argue that he was improperly convicted or that this is not his second conviction for CSP in the second degree. He simply argues that as a matter of law the State may not use Section 31-18-25(A) to sentence him to life imprisonment for a second "violent sexual offense." Section 31-18-25(A) provides that

> [w]hen a defendant is convicted of a second *violent sexual offense*, and each violent sexual offense conviction is part of a separate transaction or occurrence, and at least the second violent sexual offense conviction is in New Mexico, the defendant shall, in addition to the punishment imposed for the second violent sexual offense conviction, be punished by a sentence of life imprisonment (emphasis added).

Defendant's argument focuses on how the Criminal Sentencing Act defines the term "violent sexual offense."

**{6}** Since its enactment in 1996, Section 31-18-25 has provided that "violent sexual offense" means CSP in the first or second degree, as defined by Section 30-9-11 (defining the crime of CSP). *Compare* § 31-18-25(E) (1996) (identifying a violent sexual offense as first- or second-degree CSP and referencing Section 30-9-11), *with* § 31-18-25(F) (1997) (same but not specifying Subsections C and D of Section 30-9-11). Specifically, Section 31-18-25(F)(2) defines a "violent sexual offense" to include CSP in the second degree "as provided in Subsection D of Section 30-9-11." Thus, in Section 31-18-25, for purposes of defining a violent sexual offense and eligibility for a mandatory life sentence, the Legislature makes specific reference to the definition set forth in Subsection D of Section 30-9-11. When Section 31-18-25(F) was enacted in 1996, Subsection D of Section 30-9-11 did indeed define CSP in the second degree.

**{7}** The problem, however, is that although Subsection D of Section 30-9-11 previously defined CSP in the second degree, a 2007 legislative reorganization of the statute moved the definition of CSP in the second degree to Subsection E. Subsection D has since defined CSP in the first degree, which is not applicable to Defendant's convictions. *Compare* § 30-9-11 (2006) (providing the definition of CSP in the second degree in Subsection D), *with* § 30-9-11 (2007) (providing the definition of CSP in the second degree in Subsection E). The *definitions* of the two crimes did not change in the reorganization; only the numbering changed. In what would appear to be a legislative oversight, that same 2007 reorganization did not make a corresponding change in Section 31-18-25(F)(2) to substitute Subsection E of Section 30-9-11 for Subsection D.

**{8}** Solely by its reference to Subsection D of Section 30-9-11, which as of 2007 defines CSP in the first degree, the definition of a violent sexual offense in Section 31-18-25(F)(2) no longer includes repeated convictions of CSP in the second degree. On that basis, Defendant argued and the district court concluded that a mandatory life sentence was not authorized.

3

**{9}**     To support his argument, Defendant cites *State v. Chavarria*, 2009-NMSC-020, ¶ 12, 146 N.M. 251, 208 P.3d 896, for the proposition that "[a] trial court's power to sentence is derived exclusively from statute" (internal quotation marks and citation omitted) and *State v. Sparks*, 1985-NMCA-004, ¶ 49, 102 N.M. 317, 694 P.2d 1382, for the proposition that "[t]he district court's authority to sentence is only that which has been provided by statute." We agree with those general propositions of law.

**{10}**     However, the reorganization of Section 30-9-11 does not deprive the district court of the authority to impose a life sentence upon a defendant who is convicted of a second violent sexual offense—that authority is provided by Section 31-18-25(A), referring to a second violent sexual offense. Although Section 31-18-25(F) references Section 30-9-11, Section 31-18-25(F) provides in plain language that a violent sexual offense is either "(1) criminal sexual penetration in the first degree" or "(2) criminal sexual penetration in the second degree." It would be absurd to read second-degree CSP out of the definition of "violent sexual offense" in Section 31-18-25(F) where its plain language demands that second-degree CSP be included. To hold otherwise would be to create an anomaly in the definition of a violent sexual offense that distinguishes between conviction and sentencing. *See State v. Herrera*, 1974-NMSC-037, ¶ 6, 86 N.M. 224, 522 P.2d 76 ("We will not construe statutes to achieve an absurd result or to defeat the intended object of the legislature.").

**{11}**     We are charged with the responsibility of construing statutes harmoniously when possible. *Smith*, 2004-NMSC-032, ¶ 13. "In addition to looking at the statutory language, we also consider the history and background of the statute." *Id.* ¶ 10 (internal quotation marks and citation omitted). "If statutes appear to conflict, they must be construed, if possible, to give effect to each." NMSA 1978, § 12-2A-10(A) (1997).

**{12}**     If we were to read the statutes as Defendant suggests, then the 2007 reorganization of Section 30-9-11 eliminated the possibility of a life sentence enhancement for persons convicted of second-degree CSP—effectively reducing the number of years to which they could be sentenced. It is unlikely that this was the Legislature's intent when the title of Chapter 69 of New Mexico Laws of 2007 stated its purpose in part being to "increas[e] penalties for sex offenses against minors."

**{13}**     Chapter 69 of New Mexico Laws of 2007 is the result of two bills that were introduced in the New Mexico Senate during the 2007 legislative session. *See* S.B. 528, 48th Leg., 1st Sess. (N.M. 2007), *available at* http://www.nmlegis.gov/lcs/legislation.aspx?Chamber=S&LegType=B&LegNo=528&year=07 (follow "Final Version" hyperlink). As introduced, the bill did not purport to *decrease* the penalties for sexual offenses against minors.

**{14}**     Among the differences between the two bills, Senate Bill 528 added a new crime of aggravated criminal sexual penetration as a first-degree felony and numbered it in the CSP statute as Section 30-9-11(C). *See* S.B. 528 (follow "SJC Committee Substitute" hyperlink) (marking all changes constituting the amended bill). In so doing, it renumbered first-degree CSP, previously at Subsection C, to Subsection D, and second-degree CSP, previously at Subsection

4

D, to Subsection E. *Id.* Senate Bill 528 passed the legislature and was codified as Section 30-9-11 (2007). Although Chapter 69 of New Mexico Laws of 2007 increased the penalties for the commission of certain sex offenses against minors, two of which were first- and second-degree CSP, it did not amend Section 31-18-25, despite the specific reference in that statute to Subsections C and D of Section 30-9-11. In the face of this silence, it would be absurd for this Court to hold that the Legislature effectively repealed the mandatory life sentence provision. We decline to do so.

**{15}**     This Court is "skeptical of reading too much into a passive and incidental legislative act." *Smith*, 2004-NMSC-032, ¶ 19. *Smith* involved three amendments to the DWI statute passed during the same legislative session. *Id.* ¶¶ 2-3. The Court of Appeals in that case held that the language of the three amendments was irreconcilable, the language of the final bill signed into law (which included lighter penalties) was controlling, and thus the heavier penalty provisions were effectively repealed when the final bill was signed into law. *Id.* ¶ 12. Disagreeing with the Court of Appeals, this Court observed that it was "[a] better rule . . . to make legislative intent paramount to the application of a mechanical rule." *Id.* ¶ 21. The Court was unwilling to "elevate[] form over function" by focusing on the sequence in which the bills were signed into law, reading the three amendments as irreconcilable and thus producing "a result clearly not intended by the legislature." *Id.*

**{16}**     To read the statutes as Defendant suggests would thwart the Legislature's clear intent to impose a mandatory life sentence—to increase, not decrease, the penalties—upon a second conviction for a violent sexual offense involving minors. *See* § 31-18-25(A). Section 31-18-25 was originally enacted by Chapter 79, Section 1 of New Mexico Laws of 1996, and the title of the enactment provided that part of the purpose was to "require[] life imprisonment for persons having two violent sexual offense convictions." Section 31-18-25 has only been amended once, the following year, to provide for heavier penalties. *Compare* § 31-18-25 (1996) (providing that life imprisonment shall be subject to parole), *with* § 31-18-25 (1997) (providing for the possibility of life imprisonment without parole for certain offenders).

**{17}**     Section 31-18-25 defines violent sexual offense as either criminal sexual penetration in the first degree or criminal sexual penetration in the second degree. *See* § 31-18-25(F). While Section 31-18-25(F) is not as clear as it could be because the reader has to reconcile the discrepancy in the reference to Subsections C and D of Section 30-9-11, there is no indication that the Legislature intended to repeal the mandatory life sentence for a second conviction of second-degree CSP. "Repeals by implication are not favored." *Smith*, 2004-NMSC-032, ¶ 22. We conclude that the two statutes can be construed harmoniously.

**CONCLUSION**

**{18}**     The 2009 amendment of Section 30-9-11 did not effectively repeal Section 31-18-25(F)(2), and therefore it did not repeal a district court's authority to impose the mandatory life sentence for a second conviction of a violent sexual offense under Section 31-18-25(A). The current Section 31-18-25(F) continues to define a violent sexual offense as either first- or

second-degree CSP, despite referencing two subsections in Section 30-9-11 that define first-degree CSP and aggravated CSP pursuant to the 2007 renumbering of the Section 30-9-11 subsections. We do, however, invite the Legislature to address this statutory anomaly to clarify what is essentially a clerical error.

**{19}    IT IS SO ORDERED.**

_____
**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**

6