Argued September 23, affirmed October 15, 1970

## STATE OF OREGON, *Respondent, v.*
## ERIC MATSON, *Appellant.*

475 P2d 436

*Keith Rodman,* Eugene, argued the cause and filed the briefs for appellant.

*Alan H. Johansen,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant was convicted of burglary in a dwelling under ORS 164.230, which provides in pertinent part:

> "Any person who breaks and enters any dwelling house with intent to commit a crime therein * * * shall be punished upon conviction * * *."

ORS 164.210 (2) defines a "dwelling house" as:

> "* * * [A]ny building of which any part has usually been occupied by any person lodging therein at night * * *."

On June 17, 1968, one John Dederer moved several items of his personal property into a house which he had rented earlier that month, but did not spend the night there. He then drove to California where he picked up his family and the rest of his property, returning to his newly-rented home two or three days later. Between June 17 and his return, the house was burglarized.

On appeal defendant contends that the court should have granted his motion for judgment of acquittal because there was no proof that the building he entered was a dwelling house at the time of his entry. There was evidence that the building was an "older home" and had been lived in before. We think this evidence sufficient for an inference that it had been slept in at night by its previous occupants. Defendant contends that evidence that the building was designed for human habitation and that it had been lived in before the entry was not proof that it was a dwelling house at the time of the entry, and argues that it cannot be considered a dwelling house at the time of the entry unless the occupant who previously

slept in it at night intended to return. The only case we have found precisely on point is *The Commonwealth v. Brown*, 3 Rawle 207 (Pa 1832), and we are satisfied that the holding of that case is a sound one.

There, a man named Harvey had moved out of his Philadelphia residence and moved with his family to a house in the country. Intending to return to Philadelphia, he found another home there and moved his furniture into it. Before it was ever occupied as a dwelling by Harvey or his family it was burglarized. The Pennsylvania statute was substantially the same as our statute. The defendant there made the same argument the defendant makes here. The court, in ruling against the defendant, said:

"* * * 'It is agreed by all,' says Sergeant Hawkins, '* * * a house which one has hired to live in, and brought part of his goods into it, but has not yet lodged in, may be called his dwelling-house, and will sufficiently satisfy the words *domus mansionalis* in the indictment, whether any person were actually therein or not at the time of the offence.' (Hawk. P.C.B. 1 Ch. 38, § 18.) * * *." 3 Rawle, supra, at 209.

Affirmed.