630 P.2d 765

STATE of New Mexico, Plaintiff-Appellee,

v.

Christopher ERVIN, Defendant-Appellant.

No. 5085.

Court of Appeals of New Mexico.

June 9, 1981.

Writ of Certiorari Denied
July 10, 1981.

John B. Bigelow, Chief Public Defender, Lynne C. Corr, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Reese Fullerton, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

■ Convicted of burglary of a dwelling house, defendant appeals. He contends the trial court erred in refusing to grant his motion for a directed verdict because the unoccupied house in question was not a "dwelling house" for purposes of § 30–16–3(A), N.M.S.A.1978.

Since this case was assigned to the legal calendar, we accept the facts recited in the docketing statement as true. *State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct.App. 1978). There was testimony that for more than one year the burglarized house had not been occupied. Gas, water and electricity were not being supplied to the house. Mattresses were stacked against the dining room walls and windows. The owner of the house stated that her aunt, the previous occupant, was advanced in years and extremely infirm. There was no testimony that the aunt did not expect to return.

We agree with defendant that New Mexico has not expressly defined a "dwelling house". Our burglary statute merely differentiates between residential burglary and burglary of other structures. The common law definition of dwelling house holds that a building is not a dwelling before the first occupant has moved in; nor does it continue to be a dwelling after the last occupant has moved out with no intention of returning. Perkins on Criminal Law, p. 157 (1957); 3 Burdick, Law of Crime, § 694 (1946); Clark and Marshall, A Treatise on the Law of Crimes, § 13.02 (6th ed. 1958). *See also*, Annot., at 85 A.L.R. 428 (1933) and 78 A.L.R.2d 778 (1961).

Defendant contends that the facts of the prior occupant's age and infirmity indicated that "she would not re-occupy the house in the foreseeable future." Assuming this to be a permissible inference, it is not the common law test to establish whether a building is a residence. There was no evidence that the occupant had abandoned the house or had no intention of returning. *Compare, Hobby v. State*, 480 S.W.2d 554 (Tenn.Cr.App.1972); *Hargett v. State*, 534 S.W.2d 909 (Tex.Cr.1976); *State v. Matson*, 3 Or.App. 518, 475 P.2d 436 (1970). *Contrast, Moss v. State*, 574 S.W.2d 542 (Tex. Cr.App.1978). Defendant was not entitled to an acquittal.

■ Finally, defendant contends that *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. Reliance on *Jackson v. Virginia* is misplaced. The omission, if any in this case, was that of an amplification of the elements of the offense. Such an omission is not error. *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (Ct. App.1977). The jury was instructed, without objection, in the language of N.M.U.J.I. Crim. 16.21, N.M.S.A.1978: "A 'dwelling house' is any structure, any part of which is customarily used as living quarters." Under the facts recited in the docketing statement, this instruction adequately instructed the jury on the essential elements to return a verdict of guilty of burglary of a dwelling house. The defendant did not make a tender nor was there evidence which would make this amplification a critical determination. In light of the foregoing, we find no basis for defendant's claim. Accordingly, we affirm.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.