**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL A. TURRIETA,

    Defendant - Appellant.

No. 16-2281

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. Nos. 1:16-CV-00395-JAP-KK and 1:14-CR-00425-JAP-1)**
_____

Michael A. Keefe, Assistant Federal Public Defender, Office of the Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

C. Paige Messec, Assistant United States Attorney (James D. Tierney, Acting United States Attorney, with her on the brief), Office of the United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **KELLY**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

This appeal grew out of the sentencing of Mr. Paul Turrieta for possession of a firearm and ammunition after a felony conviction. *See* 18 U.S.C. § 922(g)(1). The district court imposed a 15-year sentence based on

the Armed Career Criminal Act (ACCA) and three past convictions in New Mexico for residential burglary. Mr. Turrieta moved to vacate the sentence under 28 U.S.C. § 2255, arguing that the district court had relied on the ACCA's residual clause and that this clause is unconstitutionally vague. The district court denied the motion, and Mr. Turrieta appeals. We affirm.

## I.    Classification of an Offense as a Violent Felony

The ACCA provides a 15-year mandatory minimum and increases the maximum sentence to life imprisonment if the defendant has three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). A felony conviction can qualify as a "violent felony" if the underlying offense satisfies the Elements Clause, the Enumerated-Offense Clause, or the Residual Clause.

1.    Elements Clause: An element of the offense includes the use, attempted use, or threatened use of physical force against the person of another. *Id.* § 924(e)(2)(B)(i).

2.    Enumerated-Offense Clause: The offense is burglary, arson, extortion, or a crime involving the use of explosives. *Id.* § 924(e)(2)(B)(ii).

3.    Residual Clause: The crime otherwise creates "a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii).

As Mr. Turrieta argues, the Residual Clause is unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2556-63 (2016). But the government argues that the Residual Clause is irrelevant because the Enumerated-Offense Clause applies.

2

Under the Enumerated-Offense Clause, the convictions for residential burglary would constitute "violent felonies" under the ACCA if the elements match the generic form of an enumerated offense like burglary. *See Taylor v. United States*, 495 U.S. 575, 598 (1990). The government invokes this clause, arguing that the three prior convictions for residential burglary fit the generic form of burglary. Mr. Turrieta disagrees, urging a mismatch between New Mexico's offense of residential burglary and the generic form. The mismatch occurs, according to Mr. Turrieta, because

- the generic form of burglary does not encompass entry into vehicles, watercraft, or aircraft even when they are occupied and

- New Mexico's offense of residential burglary encompasses vehicles, watercraft, and aircraft when they are occupied.

We may assume, for the sake of argument, that Mr. Turrieta is correct regarding what the generic form of burglary is. But Mr. Turrieta is wrong about the scope of New Mexico's offense of residential burglary.

## II.    Standard of Review

In analyzing Mr. Turrieta's appellate arguments, we engage in de novo review of the district court's legal conclusions and clear-error review of the factual findings. *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015).

3

**III.   The Scope of New Mexico's Offense of Residential Burglary**

To determine whether a state crime constitutes generic burglary, we apply the "categorical approach," focusing on "the statutory definitions of the prior offenses" rather than "the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2248 (2016) (stating that in determining "whether a prior conviction is for generic burglary," courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary").

New Mexico creates two distinct burglary offenses based on the structure burgled:

    A.    Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

    B.    Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-16-3.

For the prior convictions to trigger the Enumerated-Offense Clause, we must consider whether New Mexico's definition of residential burglary matches "the generic sense in which the term [burglary] is now used in the criminal codes of most States." *Taylor v. United States*, 495 U.S. 575, 598 (1990). If the state statute defines residential burglary more broadly than

the generic form of burglary, the convictions would not involve violent felonies under the Enumerated-Offense Clause. *Id.*

The generic form of burglary "contains at least the following elements: [1] an unlawful or unprivileged entry into, or remaining in, [2] a building or other structure, [3] with the intent to commit a crime." *Id.* Mr. Turrieta argues that these elements do not cover entry into an occupied vehicle, watercraft, or aircraft. We may assume, for the sake of argument, that Mr. Turrieta is right. With this assumption, we must determine whether the same is true for Mr. Turrieta's past offenses.

That determination requires us to focus on New Mexico law. In New Mexico, there are two types of burglaries, which are separated in Parts (A) and (B). Part (A) involves "residential burglary," which consists of unlawful entry into a "dwelling house." N.M. Stat. Ann. § 30-16-3(A). Part (B) involves various "structures" such as a vehicle, watercraft, and aircraft. *Id.* § 30-16-3(B); *see State v. Ervin*, 630 P.2d 765, 766 (N.M. Ct. App. 1981) ("Our burglary statute . . . differentiates between residential burglary and burglary of other structures."). Mr. Turrieta was convicted under Part (A), which involves unlawful entry into a dwelling house rather than another structure like a vehicle, watercraft, or aircraft.

Nonetheless, Mr. Turrieta argues that a "dwelling house" can consist of a vehicle, watercraft, or aircraft when it is occupied. This argument blurs the difference between the two forms of burglary. We do not

5

ordinarily think of a "house" (as in the term "dwelling house") as referring to a vehicle, watercraft, or aircraft. Those things move, and "houses" do not. *See Webster's New Universal Unabridged Dictionary* 880 (2d ed. 1979) (giving the primary definition of a "house" as "a building for human beings to live in"); *see also Scribner v. O'Brien, Inc.*, 363 A.2d 160, 166 (Conn. 1975) (stating that the "popular and commonly used meaning" of "dwelling" "is 'a building or construction used for residence'" (quoting *Webster's New Int'l Dictionary* 706)); *cf. United States v. Quarles*, 850 F.3d 836, 839 (6th Cir. 2017) (stating that "it would be a stretch" to regard a vehicle or boat as a "home" for purposes of a state burglary statute). And, at common law, the term "dwelling house" referred to a building. *See* John Poulos, *The Metamorphosis of the Law of Arson*, 51 Mo. L. Rev. 295, 300 (1986) ("As with the law of burglary, the common law defined a dwelling house as a building occupied as a place of human habitation."); Jerome C. Latimer, *Burglary Is for Buildings, or Is It? Protected Structures and Conveyances Under Florida's Present Burglary Statute*, 9 Stetson L. Rev. 347, 348 (1980) ("At common law, the offense of burglary was limited to a dwelling house defined as being any building wherein a man and his family reside."). Thus, Mr. Turrieta's definition of a "dwelling house" conflicts not only with the ordinary understanding of the term "house" but also with the common law's definition of the term "dwelling house."

6

But Mr. Turrieta stiches together a crafty combination of case law and a uniform jury instruction, arguing that a dwelling house can consist of a movable object (like a vehicle, watercraft, or aircraft) when it is occupied. He starts with New Mexico's uniform criminal jury instructions, which define "dwelling house" as "any structure, any part of which is customarily used as living quarters." N.M. R. Ann., Crim. Unif. Jury Instruction 14-1631. Mr. Turrieta next contends that the term "structure" includes a vehicle, watercraft, aircraft, or dwelling. For this contention, Mr. Turrieta relies on *State v. Foulenfont*, 895 P.2d 1329 (N.M. Ct. App. 1995).

The result of combining the uniform jury instructions and *Foulenfont*, according to Mr. Turrieta, is that a dwelling house includes a vehicle or watercraft when it is occupied. The reasoning takes the form of a syllogism:

| | |
|---|---|
| Major premise: | A structure used as living quarters is a dwelling house. (Uniform Jury Instructions) |
| Minor premise: | Vehicles and watercraft are structures. (*Foulenfont*) |
| Conclusion: | Vehicles and watercraft can be dwelling houses. |

The syllogism breaks down with the minor premise because Mr. Turrieta has misread *Foulenfont*. There a defendant was charged with

7

burglary for breaking into a fenced area. *Foulenfont*, 895 P.2d at 1330. As noted above, New Mexico's burglary statute covers dwelling houses, vehicles, watercraft, and other structures. *See* pp. 4-5, above. The issue in *Foulenfont* was whether a fenced area could fall into any of these categories. The court said "no," reasoning that a fenced area does not completely enclose the property like a dwelling house, vehicle, or watercraft. *Foulenfont*, 895 P.2d at 1332.

In answering "no," the court was narrowing the places that could support a burglary conviction of any kind. *Id.*; *see State v. Office of Pub. Def. ex rel. Muqqddin*, 285 P.3d 622, 624, 629 (N.M. 2012) (stating that *Foulenfont* attempted to limit the scope of the burglary statute by requiring an enclosure).[1] Mr. Turrieta, however, would use *Foulenfont* to urge an expansive interpretation of the structures that can support a conviction under Part (A). It would make little sense to use a decision stating only what was *not* burglary of any kind to define what *would* constitute a specific form of burglary (residential burglary). *See Drabkin v. Dist. of*

---

[1]    Mr. Turrieta contends that *Muqqddin* supports his interpretation by referring to vehicles, watercraft, and aircraft as "'enumerated structures.'" Appellant's Reply Br. at 5 (quoting *Muqqddin*, 285 P.3d at 633). These forms of property are enumerated in Part (B) but not Part (A). *See* pp. 4-5, above. And Mr. Turrieta was convicted under Part (A), which addresses residential burglary. Thus, *Muqqddin* does not support Mr. Turrieta's interpretation of the New Mexico burglary statute.

8

*Columbia*, 824 F.2d 1102-19 (D.C. Cir. 1987) (Ginsburg, J., dissenting) ("[A] truthful proposition does not imply the truth of its converse.").

Logicians refer to this deductive misstep as "The Fallacy of Negative Premises." *See* Ruggio J. Aldisert, *Logic for Lawyers: A Guide to Clear Legal Thinking* 156-57 (3d ed. 1997). The fallacy consists of drawing an affirmative conclusion from a negative premise; if either premise is negative, the conclusion must be negative. *See id.* at 156 ("If one premise [of a syllogism] is negative, the conclusion must be negative."); Irving M. Copi & Carl Cohen, *Introduction to Logic* 247 (13th ed. 2009) ("If either premise is negative, the conclusion must be negative."); Timothy R. Zinnecker, *Syllogisms, Enthymemes and Fallacies: Mastering Secured Transactions Through Deductive Reasoning*, 56 Wayne L. Rev. 1581, 1641 (2010) ("A categorical syllogism . . . is invalid if the conclusion is positive and one of the premises is negative."). The only pertinent holding in *Foulenfont* was that an unenclosed space like a fenced area does *not* constitute a structure. *See* pp. 7-8, above. Because the minor premise is based on *Foulenfont*'s negative holding, the conclusion itself must be negative.

The fallacy becomes evident when we insert *Foulenfont*'s actual holding into Mr. Turrieta's syllogism:

9

| | |
|---|---|
| Major premise: | A structure used as living quarters is a dwelling house. (Uniform Jury Instructions) |
| Minor premise: | Spaces that are not enclosed, like fenced areas, are not structures. (*Foulenfont*) |

---

| | |
|---|---|
| Conclusion: | Enclosed vehicles and watercraft can be dwelling houses. |

This conclusion is illogical. The only premise to be drawn from *Foulenfont* is negative (unenclosed spaces like fenced areas are not structures); therefore, the conclusion must also be negative. In other words, the fact that an unenclosed space is not a structure does not mean that all enclosed spaces (including vehicles, watercraft, and aircraft) are structures.

Mr. Turrieta's interpretation of *Foulenfont* not only flouts principles of logic but also clashes with *State v. Ruiz*, 617 P.2d 160 (N.M. Ct. App. 1980).[2] There the New Mexico Court of Appeals decided that criminal trespass is a lesser included offense of Part (A) of New Mexico's burglary statute. 617 P.2d at 168-69. The court explained that "[t]he offense charged was burglary of a dwelling house; thus, we are not concerned with

---

[2]  *Ruiz* was decided by the New Mexico Court of Appeals rather than the New Mexico Supreme Court. Nonetheless, the opinion serves as "'a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Stickley v. State Farm Mut. Auto. Ins.*, 505 F.3d 1070, 1077 (10th Cir. 2007) (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)). With this datum, we have little reason to expect the New Mexico Supreme Court to decide the issue differently than the New Mexico Court of Appeals did in *Ruiz*.

vehicles, watercraft or aircraft or other structures." *Id.* at 167. The court added that "[w]hen one enters another's dwelling house, under our burglary statute, one has entered lands of another. This reasoning, of course, would not apply if the burglary was of a vehicle, watercraft or aircraft." *Id.* at 168. In this manner, *Ruiz* distinguishes burglary of a dwelling house under Part (A) from the burglary of another structure like a vehicle, watercraft, or aircraft.

Mr. Turrieta argues that no one in *Ruiz* addressed whether a vehicle, watercraft, or aircraft could constitute a dwelling house, rendering this discussion as dicta. We disagree. Regardless of whether a party raised the issue, the court decided it. *See* Bryan A. Garner et al., *The Law of Judicial Precedent* 51 (2016) ("[T]he distinction between a holding and a dictum doesn't depend on whether the point was argued by counsel . . . ."). And even if the discussion constituted dicta rather than a holding, the court's resolution of the issue provides insight into how the New Mexico Supreme Court would ultimately decide the issue. *See City of Aurora v. Bechtel Corp.*, 599 F.2d 382, 386 (10th Cir. 1979) (stating that dicta in state court decisions are persuasive sources to interpret state law).

Even if the combination of *Foulenfont* and a uniform jury instruction were otherwise persuasive, Mr. Turrieta would need to show "a realistic probability, not a theoretical possibility, that the State would apply" its statute on residential burglary when the property involves a vehicle,

watercraft, or aircraft. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). To satisfy this hurdle, Mr. Turrieta "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.*

Mr. Turrieta does not meet this burden, for he does not suggest that New Mexico authorities have *ever* charged someone for residential burglary based on entry into an occupied vehicle, watercraft, or aircraft. Instead, he points to two areas of New Mexico case law that allegedly define "dwelling house" to include vehicles: (1) aggravated burglary and (2) shooting at a dwelling.

According to Mr. Turrieta, New Mexico case law shows that aggravated burglary of a dwelling house includes burglary of a mobile home or trailer. N.M. Stat. Ann. § 30-16-4; *see State v. Alvarez-Lopez*, 98 P.3d 699, 702 (N.M. 2004) (addressing a conviction for the aggravated residential burglary of a mobile home); *State v. Romero*, 958 P.2d 119, 124 (N.M. Ct. App. 1998) (stating that criminal trespass was necessarily included within "the offense of aggravated burglary of a dwelling house" when the dwelling house was a trailer). But the cited cases do not support Mr. Turrieta's argument because aggravated burglary does not distinguish between the types of structures burgled. *See* N.M. Stat. Ann. § 30-16-4 ("Aggrevated burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure . . . ."). A defendant can be

12

convicted of aggravated burglary based on aggravating circumstances; the type of structure does not matter.

Mr. Turrieta agrees but insists that in two cases, New Mexico's appellate courts "treated the aggravated burglary offenses as though they involved only dwellings." Appellant's Reply Br. at 8. In one of the cited opinions, the court stated in its factual summary that the crime had consisted of "aggravated residential burglary" and that the property had been a mobile home. *Alvarez-Lopez*, 98 P.3d at 702. In the other cited case, the court referred to a trailer as a dwelling house. *Romero*, 958 P.2d at 124. In both cases, the courts

- had no need to decide whether a mobile home or trailer would constitute a residence or dwelling house and

- never discussed these characterizations.

*See Alvarez-Lopez*, 98 P.3d 699 (N.M. 2004); *Romero*, 958 P.2d at 124. As a result, little can be drawn from the courts' isolated, inconsequential references to a mobile home or trailer as a "residence" or "dwelling house."

In addition, Mr. Turrieta focuses on cases involving shooting at a dwelling. N.M. Stat. Ann. § 30-3-8(A). The uniform jury instruction defines a "dwelling" the same way as a "dwelling house" in Part (A) of the burglary statute. *See* N.M. R. Ann., Crim. Unif. Jury Instruction 14-340 n.1 (stating that the definition of "dwelling" in the burglary jury instruction

13

should be given for a charge of shooting at a dwelling). And, as Mr. Turrieta points out, defendants have been convicted of shooting at a dwelling when the dwelling consists of a trailer or mobile home. *See, e.g.*, *State v. Varela*, 993 P.2d 1280, 1284 (N.M. 1999); *State v. Coleman*, 264 P.3d 523, 528-29 (N.M. Ct. App. 2011); *State v. Highfield*, 830 P.2d 158, 159 (N.M. Ct. App. 1992).

But none of the cited cases addressed whether a trailer or mobile home qualified as a dwelling. *See, e.g.*, *Varela*, 993 P.2d 1280; *Coleman*, 264 P.3d at 528 ("Defendant raises no issues as to whether Villa's trailer constituted a dwelling."); *Highfield*, 830 P.2d at 160. When parties do not raise or consider an issue and the court does not address it, "the case is not a binding precedent on [that] point." *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 38 (1952). Therefore, the cases on shooting at a dwelling do not support classification of trailers or mobile homes as "dwellings" or "dwelling houses."

Mr. Turrieta acknowledges that none of the New Mexico cases addressed whether a trailer or mobile home qualifies as a dwelling. But he asserts that "prosecutors, trial judges, juries and presumably defense counsel considered mobile homes and trailers as matching the § 30-16-3(A) 'dwelling house' definition." Appellant's Reply Br. at 7. We have no evidence for the assertion. Mr. Turrieta merely assumes that the

14

prosecutors, trial judges, juries, and defense counsel had considered the potential issue involving the existence of a dwelling.

* * *

Mr. Turrieta has not identified a single New Mexico case holding that a "dwelling" or "dwelling house" includes an occupied vehicle, watercraft, or aircraft. Therefore, New Mexico's crime of residential burglary does not cover entry into an occupied vehicle, watercraft, or aircraft.

## IV.   Conclusion

Mr. Turrieta's convictions for residential burglary match the generic form of burglary. Therefore, these convictions fit the Enumerated-Offense Clause. In light of the applicability of this clause, the ACCA applied independently of the Residual Clause. As a result, the district court did not err in denying Mr. Turrieta's motion to vacate his 15-year sentence.

Affirmed.