**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHAN SANDOVAL,

    Defendant - Appellant.

No. 17-2062
(D.C. Nos. 1:16-CV-00410-LH-CG &
1:11-CR-02992-LH-1)
(D. N.M.)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILTIY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

    Jonathan Sandoval is a federal prisoner who seeks a certificate of appealability

(COA) to appeal the denial of his motion under 28 U.S.C. § 2255.  *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal the denial of a § 2255 motion).  After he

pleaded guilty to being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1),

the district court sentenced him to 15 years in prison under the Armed Career

Criminal Act (ACCA), *see id.* § 924(e)(1), based on at least three prior convictions in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this matter.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

New Mexico for residential burglary, *see* N.M. Stat. Ann. § 30-16-3(A).[1] Sandoval moved to vacate his sentence under § 2255, arguing residential burglary encompasses more conduct than generic burglary for purposes of applying the ACCA. The district court denied relief and also denied a COA.

To obtain a COA from this court, Sandoval must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Sandoval's arguments might have been debatable before our decision in *United States v. Turrieta*, No. 16-2281, 2017 WL 5709612 (10th Cir. Nov. 28, 2017), but they are no longer. *Turrieta* held a New Mexico conviction for residential burglary qualifies as a generic burglary under the ACCA. *Id.* at *6. Thus, no reasonable jurist

---

[1] New Mexico's burglary statute states:

Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

    A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

    B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-16-3.

2

would debate the district court's decision or debate whether Sandoval's arguments deserve encouragement to proceed further. They do not. Accordingly, we deny a COA and dismiss this appeal.

Entered for the Court


Terrence L. O'Brien
Circuit Judge