**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

LAWRENCE PAUL TOLENTINO,

   Defendant-Appellant.

No. 17-2099
(D.C. Nos. 2:16-CV-00583-MV-KRS &
2:06-CR-00842-MV-1)
(D. N.M.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Lawrence Tolentino seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny the certificate and dismiss this appeal.

Mr. Tolentino pleaded guilty to being a felon in possession of a firearm and was sentenced to 15 years' imprisonment. This sentence was based in part on an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). This enhancement was based in part on

two convictions for residential burglary under N.M. Stat. Ann. § 30-16-3(A).[1]

Roughly nine years after Mr. Tolentino's sentencing, the Supreme Court invalidated the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2556-63 (2015).[2] The residual clause defines a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another."

In light of *Johnson*, Mr. Tolentino moved to vacate his sentence under § 2255, arguing that burglary of a dwelling under the New Mexico statute is broader than the generic form of burglary. *See Taylor v. United States*, 495 U.S. 575, 599 (1990). Thus, Mr. Tolentino moved for resentencing without the ACCA enhancement.

The district court denied this motion, and Mr. Tolentino asks us to issue a certificate of appealability. We can issue the certificate only upon a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

[1] That statute provides: "Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony."

[2] This holding is retroactively applicable to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016).

that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We recently issued an opinion controlling on the underlying issue. In *United States v. Turrieta*, we held that convictions under N.M. Stat. Ann. § 30-16-3(A) match the generic form of burglary, satisfying the enumerated-offense clause.[3] 875 F.3d 1340, 1347 (10th Cir. 2017). Thus, we concluded that "the ACCA applied independently of the Residual Clause." *Id.* Mr. Tolentino makes the same argument that we rejected in *Turrieta*. We therefore deny a certificate of appealability and dismiss this appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3] The enumerated-offense clause defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).