FILED
United States Court of Appeals
Tenth Circuit

March 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARCOS SANCHEZ,

      Defendant - Appellant.

No. 17-2064
(D.C. Nos. 1:15-CV-01188-JB-SMV
and 1:04-CR-01685-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

The defendant, Mr. Marcos Sanchez, was convicted in 2006 of

possessing a firearm after a prior felony conviction and sentenced to

fifteen years' imprisonment. *See* 18 U.S.C. § 922(g)(1). The sentence was

enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1),

which created a fifteen-year mandatory minimum. In district court, Mr.

---

[*]    We have determined that oral argument would not materially aid our
consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). Thus, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Sanchez unsuccessfully challenged the sentence under 28 U.S.C. § 2255. We affirm.

* * *

The Armed Career Criminal Act would have been triggered by three or more past convictions for violent felonies or serious drug crimes. Applying the Armed Career Criminal Act, the district court characterized the crimes underlying Mr. Sanchez's past convictions as "violent felonies." All of these convictions were for residential burglary under New Mexico law.

Under the Armed Career Criminal Act, a felony conviction could be considered a "violent felony" in one of three ways.

First, under the "elements clause," a conviction would constitute a "violent felony" if an element consisted of the use, attempted use, or threatened use of physical force against another person. 18 U.S.C. § 924(e)(2)(B)(i).

Second, under the "enumerated-offense clause," a conviction would count as a "violent felony" if it was for burglary, arson, extortion, or another crime involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii).

Third, under the "residual clause," a conviction would constitute a "violent felony" if it otherwise involved conduct creating a serious potential risk of physical injury to another person. *Id.*

2

Since the sentencing took place, the Supreme Court has held that the residual clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2556-63 (2015). Mr. Sanchez relies on the constitutional infirmity of the residual clause, arguing that the sentence enhancement would no longer be permissible.

To decide this appeal, we must determine whether residential burglary under New Mexico law would constitute a "violent felony" under the Armed Career Criminal Act. We can no longer rely on the residual clause because it is unconstitutionally vague, and the government does not invoke the elements clause. As a result, the sentence could be enhanced only if the New Mexico crime of residential burglary would satisfy the enumerated-offense clause.

We recently addressed this issue in *United States v. Turrieta*, holding that a conviction for residential burglary in New Mexico satisfies the enumerated-offense clause. 875 F.3d 1340 (10th Cir. 2017). Mr. Sanchez acknowledges that *Turrieta* forecloses relief but argues that *Turrieta* was wrongly decided. Appellant's Supp. Br., *passim* (Dec. 12, 2017). We recently denied a petition for rehearing in *Turrieta* and are obligated to follow that opinion. *United States v. Tafoya*, 557 F.3d 1121, 1129 (10th

Cir. 2009). As a result, we affirm the denial of Mr. Sanchez's § 2255 motion.

Entered for the Court


Robert E. Bacharach
Circuit Judge