FILED
United States Court of Appeals
Tenth Circuit

June 26, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONARD G. MARQUEZ,

Defendant - Appellant.

No. 17-2221
(D.C. Nos. 1:16-CV-00641-JAP-SMV and
1:07-CR-00286-JAP-1)
(D. N.M.)

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.

Defendant Leonard Marquez seeks a certificate of appealability (COA) to appeal

the denial by the United States District Court for the District of New Mexico of his

motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA

to appeal denial of relief under § 2255). We decline to grant a COA and dismiss the

appeal.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a

demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other

words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

In 2011, Defendant was sentenced to a term of 15 years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for being a felon in possession of a firearm following three prior convictions for violent felonies. The ACCA defines a *violent felony* as one that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause]; or

(ii)    is burglary, arson, or extortion, involves use of explosives [the enumerated-offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

*Id.*

After the Supreme Court decided in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause is unconstitutionally vague, Defendant filed his motion under § 2255 challenging the sentencing court's characterization of his prior convictions for New Mexico burglary and New Mexico aggravated assault as violent felonies. The district court denied the motion on the ground that New Mexico burglary is a violent felony under the enumerated-offenses clause and New Mexico aggravated assault is a violent felony under the elements clause.

In this court, Defendant acknowledges that his claims are contrary to circuit precedent: Our decision in *United States v. Turrieta*, 875 F.3d 1340, 1347 (10th Cir. 2017), held that New Mexico residential burglary fits within the ACCA's enumerated crime of burglary. And we held in *United States v. Ramon Silva*, 608 F.3d 663, 670–671 (10th Cir. 2010), *abrogated on other grounds by Mathis v. United States*, 136 S. Ct. 2243

2

(2016), that New Mexico's crime of aggravated assault is a violent offense under the elements clause of the ACCA. *See also United States v. Maldonado-Palma*, 839 F.3d 1244, 1249–50 (10th Cir. 2016) (aggravated assault with a deadly weapon under NMSA 1978, § 30–3–2(A) is a crime of violence under the elements clause of USSG § 2L1.2 (2015)), *cert. denied*, 137 S. Ct. 1214 (2017).

Defendant argues that our precedents were wrongly decided. But we cannot overturn our precedents. *See United States v. Badger*, 818 F.3d 563, 569 (10th Cir. 2016). Accordingly, no reasonable jurist could debate the correctness of the district court's denial of relief.

We therefore **DENY** Defendant's request for a COA and **DISMISS** this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge