**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERT MARTINEZ,

Defendant - Appellant.

No. 19-2046
(D.C. No. 1:18-CR-00101-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Albert Martinez appeals the sentence imposed following his guilty plea to one count of being a felon in possession of a firearm. Martinez had three prior convictions that the district court counted as violent felonies for purposes of the Armed Career Criminal Act (ACCA): one for residential burglary, and two for robbery. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

Responding to a complaint about a car blocking a driveway, the police discovered Martinez had an outstanding warrant for failure to report to his probation

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officer. ROA Vol. II at 11–12, 33. After Martinez was arrested, police found a pistol in a Crown Royal bag in a pocket of his cargo shorts. *Id.* at 13–14, 33.

Martinez pleaded guilty, without a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* at 24. He had three prior New Mexico convictions: one for residential burglary, and two convictions for robbery. ROA Vol. I at 7–8, 19. Martinez argued the crimes underlying these convictions did not qualify as violent felonies for purposes of the ACCA's enhancements. *Id.* Vol. II at 8–10. The district court disagreed, found the convictions qualified as predicate offenses, and sentenced Martinez to the mandatory minimum of 180 months. *Id.* Vol. I at 39, Vol. II at 17.

A conviction under § 922(g) carries a statutory maximum sentence of ten years. 18 U.S.C. § 924(a)(2). If, however, the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both," a statutory mandatory minimum sentence of fifteen years applies. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (elements clause); (2) "is burglary, arson, or extortion, [or] involves the use of explosives" (enumerated clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). *Id.* § 924(e)(2)(B). Martinez challenges the application of the ACCA to all three of his prior convictions. However, we have previously held that convictions for residential burglary and robbery under New

2

Mexico law are violent felonies. Martinez has presented nothing in his appellate briefing which would support our ruling to the contrary.

Absent en banc consideration, one panel of this court cannot overturn the decision of another. *See United States v. Doe*, 865 F.3d 1295, 1298 (10th Cir. 2017). Martinez acknowledges this reality. Aplt. Br. at 7 (citing *United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015)). Martinez also acknowledges that *United States v. Turrieta*, 875 F.3d 1340 (10th Cir. 2017) clearly held that "convictions [under New Mexico law] for residential burglary match the generic form of burglary. Therefore, these convictions fit the Enumerated-Offense Clause. In light of the applicability of this clause, the ACCA applied independently of the Residual Clause." *Id.* at 1347; *see also* Aplt. Br. at 7. While an intervening Supreme Court decision or an intervening state court ruling could provide support for our questioning or overruling *Turrieta*, Martinez provides neither. Instead, he argues only that *Turrieta* "misconstrued New Mexico law." Aplt. Br. at 7. Even if this were true, *Turrieta* remains controlling: a conviction for residential burglary under New Mexico law constitutes a violent felony for purposes of the ACCA.

Similarly, we have very recently[1] held that a conviction for robbery under New Mexico law is a violent felony. *See United States v. Manzanares*, No. 18-2010, slip op. at 7 (April 17, 2020); *see also United States v. Velasquez*, No. 17-2150, slip op. at 9 (April 21, 2020). We are bound by *Manzanares*, and we agree with its holding: a

---

[1] As is clear from the date in the citation, *Manzanares* was decided only a few days before Martinez's case.

3

robbery conviction under New Mexico law qualifies as a violent felony. *See also Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003) ("[W]hen a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on . . . subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue.").

As all of Martinez's predicate crimes are violent felonies as defined by the ACCA, the judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge