FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

December 2, 2021

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ORLANDO MORA,

    Defendant - Appellant.

No. 21-8037
(D.C. No. 2:98-CR-00108-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

_____

This appeal grew out of Mr. Orlando Mora's service of his sentences on six drug crimes. The sentences ranged from 20 years to life imprisonment.

_____

[*]    Because oral argument would not materially aid our consideration of the appeal, we have decided the appeal based on the briefs and record on appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Mora moved for early release under 18 U.S.C. § 3582(c)(1)(A). The district court dismissed the motion based on Mr. Mora's failure to establish extraordinary and compelling circumstances.[1]

**Finding of no extraordinary and compelling circumstances.** In considering the merits of the appeal, we apply the abuse-of-discretion standard. *United States v. Mannie*, 971 F.3d 1145, 1147–48 (10th Cir. 2020). A court abuses its discretion when rendering "a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (quoting *United States v. Muñoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008)).

Mr. Mora argues in part that the district court erred in imposing a 30-year sentence by misidentifying the sentencing range and failing to consider sentence disparities. We reject these arguments.

According to Mr. Mora, the district court erroneously used conduct involving a gun charge, despite his acquittal on this charge, to enhance the sentence. This argument reflects a misunderstanding of the convictions.

Mr. Mora was charged with two gun crimes:

1. Count Five involved unlawful possession of a .38 caliber handgun.

2. Count Six involved unlawful possession of a .22 caliber handgun.

---

[1]    Mr. Mora moved for reconsideration; but the district court denied the motion, attributing the dismissal to a lack of subject-matter jurisdiction.

Mr. Mora was convicted on Count Six and acquitted on Count Five. Count Six involved a violation of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which requires a prison term of "not less than fifteen years." The statute, however, does not provide a maximum sentence. As a result, the statute effectively provides a minimum term of fifteen years and a maximum of life imprisonment. *See United States v. Tisdale*, 921 F.2d 1095, 1100 (10th Cir. 1990) (stating that "18 U.S.C. § 924(e)(1) mandates a minimum 15-year sentence upon conviction and a maximum of life imprisonment"); *see also United States v. Turrieta*, 875 F.3d 1340, 1341 (10th Cir. 2017) ("The [Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)] provides a 15-year mandatory minimum and increases the maximum sentence to life imprisonment if the defendant has three prior convictions for a 'violent felony.'"). So the district court properly considered the maximum sentence on Count Six as life imprisonment.

According to Mr. Mora, the original sentence was tainted by a failure to consider lighter sentences for his codefendants.[2] But the district court acknowledged discretion to consider disparities in the sentences with

---

[2]    This argument consists of a single sentence: "The district court overlooked Mora's sentencing disparities among defendant's [sic] which were four including Mora, none of the other defendant's [sic] served more than five years." Appellant's Br. at 6.

codefendants. The court simply concluded that the codefendants had not been similarly situated to Mr. Mora. He does not identify any errors in the district court's reasoning.

Mr. Mora argues that even if the initial sentence had been proper, early release was justified based on the COVID-19 pandemic, his minimal disciplinary record, and his extraordinary rehabilitation. The district court rejected these arguments, reasoning that Mr. Mora had a lengthy disciplinary record, hadn't identified any medical conditions elevating his risk from infection, and had garnered extensive coursework and involvement in rehabilitative programs largely because he had spent so many years in prison. Mr. Mora again fails to identify any flaws in the district court's reasoning.

According to Mr. Mora, the district court failed to consider his informal support for other inmates. But in district court, Mr. Mora didn't rely on informal support for other inmates. The district court couldn't abuse its discretion by failing to consider an argument that hadn't been made.

**Alleged failure to consider the statutory sentencing factors.** Mr. Mora also argues that the district court should have considered the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). But the district court had no need to consider these sentencing factors because the failure to show extraordinary, compelling circumstances would have prevented early

4

release. *See United States v. Hald*, 8 F.4th 932, 936–37 (10th Cir. 2021)

("[D]istrict courts are free to deny relief on the basis of any one of

§ 3582(c)(1)'s requirements without considering the others.").

Accordingly, we affirm the dismissal of Mr. Mora's motion for early

release.

Entered for the Court


Robert E. Bacharach
Circuit Judge